Alvaro **MARQUEZ SOTO**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74954.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

The Law Offices of Jonathon M. Kaufman, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daria M. Fisher, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Alvaro Marquez Soto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Colmenar v. INS*,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

210 F.3d 967, 971 (9th Cir.2000), and we review for substantial evidence factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's finding that Marquez Soto failed to establish the threat he received, and other unrelated incidents he described, rose to the level of persecution, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1153 (9th Cir.2005), or that the threat was on account of a protected ground, *see Molina–Morales v. INS,* 237 F.3d 1048, 1050–51 (9th Cir. 2001). Substantial evidence also supports the BIA's finding that Marquez Soto failed to establish that it is more likely than not he will be persecuted if he returns to Mexico. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003).

Substantial evidence also supports the BIA's denial of CAT relief because Marquez Soto failed to show that it is more likely than not that he will be tortured if he returns to Mexico. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Finally, we reject Marquez Soto's contention that the IJ violated his due process rights by failing to inform him of the nature of the removal proceeding or the legal standards required to satisfy eligibility for withholding of removal and protection under CAT, because he has not demonstrated any prejudice. Marquez Soto was represented by counsel and we see no unfairness in the proceedings. *See Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 926–27 (9th Cir.2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for ... relief, and to present testimony and other evidence in support of the applica-

tion, he or she has been provided with due process.").

**PETITION FOR REVIEW DENIED.**